IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LILIA DIAZ and STEVE HERRERA | § § § § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § § | Civil Action No. 5:23-cv-01013 |
| KARAN SHARMA, and GPEX TRANSPORT INC. | § § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COME Plaintiffs, Lilia Diaz and Steve Herrera, and file their Original Complaint against Defendants, Karan Sharma and GPEX Transport, Inc. In support thereof, Plaintiffs would respectfully show this Honorable Court as follows:

### I.
### PARTIES

1. Plaintiff, Lilia Diaz, is a citizen of San Antonio, Bexar County, Texas.

2. Plaintiff, Steve Herrera, is a citizen of San Antonio, Bexar County, Texas.

3. Defendant, Karan Sharma ("Sharma"), is an individual and citizen of Winnipeg, Manitoba, Canada. Sharma was the driver and the permissive user of the subject vehicle involved in the crash. Defendant Sharma may be served with process at 72 Donald Street, Winnipeg, Manitoba, Canada by serving the Chairman of the Texas Transportation Commission pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code.

4. Defendant, GPEX Transport, Inc. ("GPEX"), is a for-profit Canadian corporation with its principal place of business in Saint Andrews, Manitoba, Canada. GPEX is the owner of the tractor-trailer involved in the subject crash made the basis of this lawsuit and is also Defendant Sharma's employer. GPEX may be served with process at its primary address 16 Prairie Place, St. Andrews, MB R1A 3P2, Canada by serving the Chairman of the Texas Transportation Commission pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code.

## II.
### VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between all Plaintiffs and Defendants, and Plaintiffs seek damages in excess of $75,000, exclusive of interests and costs.

6. This Court has specific personal jurisdiction over both Defendants because they purposely directed their activities at Texas and the litigation is the result of injuries that arise out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate and/or cause operation of a vehicle on the roadways of Texas (Defendant Sharma in operating the vehicle in Texas, and GPEX in owning the Subject Tractor-Trailer, and directing such operation and having Sharma, its employee, servant and/or agent, operate it in Texas) and the alleged failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with Defendants' tortious activities in Texas, and this Court's personal jurisdiction over these Defendants

in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts (both substantial contacts and continuous contacts, generally and with respect to this action) with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state (e.g., Defendant Sharma committed in Texas for which Defendant GPEX is vicariously liable, and it is alleged upon information and belief that Defendant GPEX contracts with Texas residents and either party is to perform the contract in whole or in part in Texas). Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice, and is neither unfair nor unreasonable.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, the crash giving rise to this lawsuit occurred in Atascosa County, Texas, which is found within the Western District of Texas.

### III.
### BACKGROUND FACTS

8. According to the crash report, on April 14, 2023, at roughly 2:00 p.m., Plaintiffs were lawfully travelling southbound on IH-37 in Atascosa County, Texas. Plaintiffs had come to a lawful stop due to the traffic conditions ahead when Defendant Sharma, unable to control his speed, crashed into Plaintiffs' vehicle. As a result of the crash, Plaintiffs suffered severe injuries.

9. At the time of the crash, Defendant Sharma was in the course and scope of his employment with GPEX. As such, GPEX is liable for the acts and omissions of Defendant Sharma under the doctrine of *respondeat superior*. Alternatively, Defendant Sharma was the statutory employee of GPEX pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1 *et seq.*

## CAUSES OF ACTION AGAINST DEFENDANTS SHARMA AND GPEX

### IV.
### NEGLIGENCE AND VICARIOUS LIABILITY

10. Defendant Sharma committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

11. Defendant Sharma owed a duty to Plaintiffs to exercise ordinary care. Defendant Sharma's acts and/or omissions of negligence include, without limitation, one or more of the following:

   (a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

   (b) Failing to safely operate the subject tractor-trailer;

   (c) Failing to control speed;

   (d) Failing to pay attention to attendant traffic and driving conditions; and

   (e) Crashing into Plaintiffs.

12. Defendant GPEX is liable for Defendant Sharma's conduct under the doctrine of *respondeat superior*. Defendant Sharma was employed by Defendant GPEX as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant GPEX

is vicariously liable for Defendant Sharma's negligence because Defendant GPEX was acting within his general authority and in furtherance of the business of Defendant GPEX at the time of the crash, and for the accomplishment of the object for which he was hired, and therefore he was in the course and scope of his employment and/or agency with Defendant GPEX at the time of the collision.

13. Additionally, and/or alternatively, Defendant GPEX is vicariously liable as a matter of law for the negligence of Defendant Sharma because at the time of the crash, Defendant Sharma was a statutory employee of Defendant GPEX pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1 *et seq*.

## V.

### NEGLIGENCE *PER SE* AGAINST DEFENDANT SHARMA

14. Plaintiffs incorporate by reference all facts and allegations above.

15. Additionally, and/or alternatively, the conduct of Defendant Sharma was negligent *per se* because he breached a duty imposed upon him by statute or ordinance (specifically, Section 545.351 of the Texas Transportation Code involving maximum speed requirements).

16. Defendant Sharma's conduct caused the kind of harm the aforementioned statute was designed to prevent, Plaintiffs belong to a class of persons the statute was designed to protect, and Defendant Sharma violated this statute without excuse. Said violation proximately caused the subject crash and Plaintiffs' injuries.

17. As alleged above, Defendant GPEX is liable for Defendant Sharma's conduct under the doctrine of *respondeat superior*. Additionally, and/or alternatively, Defendant GPEX is vicariously liable as a matter of law for the negligence of Defendant Sharma because at the time of the crash, Defendant Sharma was a statutory employee of

Defendant GPEX pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1 *et seq.*

## VI.
## DAMAGES

18. As a result of the subject crash, Plaintiffs have suffered in the past, and will in reasonable probability suffer in the future, actual, special, incidental and/or consequential damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. These damages were proximately caused by the negligence of the Defendants.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

19. Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
## CONDITIONS PRECEDENT

20. All conditions precedent to Plaintiffs' right to recover and Defendants' liability have been performed, have occurred and/or been waived.

## IX.
## JURY DEMAND

21. Plaintiffs request a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual, special, incidental and/or consequential damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest,

costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

                Respectfully submitted,

                WATTS GUERRA LLP
                875 East Ashby Place
                Suite 1200
                San Antonio, Texas 78212
                Telephone: 210.447.0500
                Fax: 210.447.0501

By:    */s/ Jorge L. Mares*
        MIKAL C. WATTS
        State Bar No. 20981820
        mcwatts@wattsguerra.com
        FRANCISCO GUERRA, IV.
        State Bar No. 00796684
        fguerra@wattsguerra.com
        JORGE L. MARES
        State Bar No. 24087973
        jmares@wattsguerra.com
        JULIE A. MATSEN
        State Bar No. 24115654
        jmatsen@wattsguerra.com

        AND

        JOSE L. RIOS, JR.
        State Bar No. 24098326
        jrios@jagamezlaw.com
        JOE A. GAMEZ LAW FIRM, P.C.
        2943 Mossrock
        San Antonio, Texas 78230
        Telephone: 210-951-2024

        **ATTORNEYS FOR PLAINTIFFS**